## CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth of Virginia

v.

Michael Kelly Watson

### March 21, 1995

### Case No. (Criminal) 9264

BY JUDGE THOMAS D. HORNE

Michael Kelly Watson was arrested May 8, 1994, on a warrant charging him with the possession with intent to distribute cocaine. He was released on a secured bond returnable to the General District Court of Loudoun County. On May 9, 1994, Mr. Watson appeared for arraignment before that Court. Investigator J. K. Wills of the Loudoun County Sheriff's Department was present in Court on May 9, 1994, when the Defendant appeared. At the time of his arraignment, Watson was unrepresented by counsel. He made no request for counsel but was directed to return at a later time when he would be required to report on privately-retained counsel, waive counsel, or make a request for Court-appointed counsel.

After his appearance before the judge, the Defendant was asked by Investigator Wills to accompany him to the jail in order that the Defendant's fingerprints might be obtained. The record is devoid of any evidence which would indicate that such fingerprints were needed for investigative purposes.

At the time of the Defendant's arrest by another officer the previous evening, Watson's fingerprints had not been taken as permitted by § 19.2-392, Code of Virginia, as amended. This statute provides in pertinent part:

> A. [a]ll duly constituted police authorities having the power of arrest may take the fingerprints and photographs of: (i) any person arrested *by them* [emphasis added] and charged with a felony . . . . (ii) any person who pleads guilty and is found guilty after being summoned in accordance with § 19.2-74.

There is no evidence to suggest that the Defendant had been directed by the judge to submit to fingerprinting.

The Defendant accompanied Investigator Wills to a secured area of the jail and, while undergoing the fingerprinting procedure, was questioned by the investigator concerning his involvement in the instant offense. No *Miranda* warnings preceded such questions, nor does the record demonstrate that the Defendant was at any time prior to responding to the investigator's questions ever advised of his rights under *Miranda*. *Miranda v. Arizona,* 384 U.S. 436 (1966).

In considering the instant motion to suppress, the Court must determine whether, based upon the totality of the circumstances, the Defendant's freedom of movement was restricted in a way associated with a formal arrest. *Wass v. Commonwealth,* 5 Va. App. 27 (1987). Should the Court find his freedom of movement to be so restricted, then the Court must exclude those statements of the Defendant given without the benefit of the traditional *Miranda* warnings.

As the Court noted in *Wass:*

> It is only when a suspect's freedom of movement is curtailed to a degree associated with formal arrest that the suspect is entitled to the full protection of *Miranda.* In making that determination, the situation must be viewed from the vantage point of "how a reasonable man in the suspect's position would have understood his situation. . . ." [citation omitted]. To determine whether restraint is "custodial" for *Miranda* purposes, "a host of factors must be considered" [citation omitted]. Among the factors that must be considered are whether a suspect is questioned in familiar or neutral surroundings, the number of police present, the degree of physical restraint, and the duration and character of the interrogation [citation omitted], "the language used by the officer to summon the individual, the extent to which he or she is confronted with evidence of guilt, the physical surroundings of the interrogation, the duration of the detention, and the degree of pressure applied to detain the individual." [Citation omitted.] *Wass, supra,* at 32, 33.

In the instant case, the Court must conclude that no reasonable person would have felt free to leave at the time the Defendant was questioned or until the fingerprinting was completed. He had just appeared in Court on a felony charge. No fingerprints had been taken at the time of his arrest. He

was taken to a secured area of the jail behind a locked door for purposes of submitting to fingerprinting. The deputy initiated the discussion relating to the Defendant's drug distribution activities.

Accordingly, the motion to suppress will be granted and the statement of the Defendant excluded from consideration by the fact finder in the Commonwealth's case in chief.